## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
|                                        :
**DISTRICT OF COLUMBIA,**                :
|                                        :
      **Plaintiff**      :
|                                        :
       **v.**          :  **Civ. Action No. 05-1677 (TFH)**
|                                        :
**LYNDA H. CAMALIER,**                   :
|                                        :
      **Defendant.**     :
_____:

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTER CLAIM

(Paragraph numbers below correspond to the paragraph numbers in the "Answer and Counter Claim of Defendant" filed November 21, 2005. Defendant's paragraph numbers one through fifty-three are not addressed because they were in response to Plaintiff's Complaint.)

54.    Admitted as to sentence three. Admit the existence of the cited statutes in sentences one and two. The remaining allegations are conclusions of law by the pleader to which no response is required. If a response is required, then the same are denied.

55.    Plaintiff lacks knowledge and information sufficient to enable it to answer the allegation in sentence one. Admitted as to sentences two and three. Plaintiff does not understand sentence four, and cannot respond to it. Admitted as to sentence five. Admitted that Oyster ES has an inclusion program. The remaining allegation in sentence six is the pleader's interpretation of what the inclusion program entails, to which no response is required. If a response is required, then the same is denied. Denied as to sentence seven.

56.    Plaintiff lacks knowledge and information sufficient to enable it to answer this allegation.

57. Plaintiff lacks knowledge and information sufficient to enable it to answer these allegations.

58. Plaintiff lacks knowledge and information sufficient to enable it to answer these allegations.

59. Admitted that DCPS proposed Oyster ES as the school placement in the January 11, 2005 IEP. Admitted that in the hearing request, Defendant made the allegations listed in sentence three. Denied as to the remaining allegations.

60. Admitted as to sentence one. Sentences two and three are Defendant's characterizations of Ms. Begazo's behavior and events that occurred during the hearing to which no response is required. If a response is required, then the same are denied.

61. Ms. Begazo's testimony speaks for itself. These allegations are Defendant's interpretation of Ms. Begazo's testimony to which no response is required. If a response is required, then the same are denied.

62. These allegations are Defendant's interpretation of events that occurred during the hearing, to which no response is required; the administrative record speaks for itself. If a response is required, then the same are denied.

63. These allegations are Defendant's interpretation of events that occurred during the hearing, to which no response is required; the administrative record speaks for itself. If a response is required, then the same are denied.

64. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is Defendant's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

65. The HOD speaks for itself.  This allegation is Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

66. The HOD speaks for itself.  This allegation is Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

67. The HOD speaks for itself.  This allegation is Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

68. The HOD speaks for itself.  The allegation in sentence one is Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.  Sentence two is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

69. The HOD speaks for itself.  These allegations are Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

70. The HOD speaks for itself.  These allegations are Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

71. The HOD speaks for itself.  This allegation is Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same is denied.

72. Sentence one is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.  The HOD speaks for itself.  The remaining allegations are Defendant's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

73. This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

74. Plaintiff does not understand Defendant's allegation, and cannot respond at this time.

75.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

76.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

75.  (Defendant's Answer and Counter Claim contains two paragraphs numbered 75. This answer responds to paragraph 75 on page 10.)  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

76.  (Defendant's Answer and Counter Claim contains two paragraphs numbered 76. This answer responds to the paragraph 76 listed under "Counter Claim II.")  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

77.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

78.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant's counter claim fails to state a claim upon which relief may be granted.

Respectfully submitted.

ROBERT J. SPAGNOLETTI
Attorney General for the District
  of Columbia

4

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ Veronica A. Porter_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**December 12, 2005**